# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-80100-Cr-Rosenberg/Reinhart

**18 U.S.C. § 1956(h)**
**18 U.S.C. § 982(a)(1)**

UNITED STATES OF AMERICA

v.

LANNY TODD FRIED,

Defendant.
_____/

FILED BY __TM__

May 21, 2018

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. West Palm Beach

## INFORMATION

The United States Attorney charges that:

From at least as early as January 2016, through in or around August 2017, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**LANNY TODD FRIED,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with persons known and unknown to the United States Attorney, to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce which involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

It is further alleged that the specified unlawful activity was health care fraud and conspiracy to commit health care fraud, in violation of Title 18, United States Code, Sections 1347 and 1349.

All in violation of Title 18, United States Code, Section 1956(h).

# **FORFEITURE**

1. The allegations contained in this Information are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **LANNY TODD FRIED,** has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged in Count 1 of this Information, the defendant, **LANNY TODD FRIED**, shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

3. If the property described above as being subject to forfeiture, as a result of any act or omission of **LANNY TODD FRIED,**

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to or deposited with a third party;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as made applicable through Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of **LANNY TODD FRIED,** up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Section 982(a)(7), and the procedures set forth at Title 21, United States Code, Section 853, as made applicable through Title 18, United States Code, Section 982(b)(1).

_____
BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

_____
A. MARIE VILLAFAÑA
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| vs. | |
| LANNY TODD FRIED, | **CERTIFICATE OF TRIAL ATTORNEY*** |
|       **Defendant.** _____ / | **Superseding Case Information:** |

**Court Division:** (Select One)

    Miami _____    Key West _____
    FTL _____    WPB __X__    FTP _____

New Defendant(s)    YES _____    NO _____
Number of New Defendants _____
Total number of counts _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   __No__
   List language and/or dialect   _____

4. This case will take   _5_   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | | (Check only one) | |
   |---|---|---|---|---|
   | I | 0 to 5 days | X | Petty | |
   | II | 6 to 10 days | | Minor | |
   | III | 11 to 20 days | | Misdem. | |
   | IV | 21 to 60 days | | Felony | X |
   | V | 61 days and over | | | |

6. Has this case been previously filed in this District Court? (Yes or No) __No__
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) __No__
   If yes: Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the
   District of _____

   Is this a potential death penalty case? (Yes or No) _____ Yes     _X_ No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? _____ Yes     _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? _____ Yes     _X_ No

 

                                      _____
                                      A. Marie Villafana
                                      ASSISTANT UNITED STATES ATTORNEY
                                      Florida Bar No. 0018255

*Penalty Sheet(s) attached                                                                      REV.9/11/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** <u>**LANNY TODD FRIED**</u>

**Case No:** _____

Count #: <u>1</u>

<u>18 U.S.C. § 1956(h)</u>

<u>Money Laundering Conspiracy</u>

\* **Max.Penalty**: 20 Years' Imprisonment; 3 years' Supervised Release; $250,000 Fine or twice the amount of the criminally derived property involved in the transaction; criminal forfeiture; $100 special assessment.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: **LANNY TODD FRIED** _____

    Personal Surety Bond Of $100,000 with Co-Signer
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: Marie Villafana

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s): _____
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| | ) | |
| LANNY TODD FRIED, | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

**Saam Zangeneh**
*Printed name of defendant's attorney*

_____
*Judge's signature*

**BRUCE REINHART, U.S. MAGISTRATE JUDGE**
*Judge's printed name and title*